IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JARED LLOYD SHANKLIN, <br> TDCJ #1202034, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM STEPHENS, Director, <br> Texas Department of Criminal <br> Justice, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-15-2677 |

## MEMORANDUM OPINION AND ORDER

The petitioner, Jared Lloyd Shanklin (TDCJ #1202034), has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief from a state court judgment under 28 U.S.C. § 2254. After considering all of the pleadings and the applicable law, the court will dismiss this action for the reasons explained below.

### I. Background

Shanklin is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a 2003 conviction in Harris County cause number 0941654. Shanklin was convicted of murder in that case and sentenced to 60 years' imprisonment by the 337th District Court for Harris County, Texas. The conviction was affirmed on direct

appeal, but was remanded for resentencing. See Shanklin v. State, 190 S.W.3d 154 (Tex. App. — Houston [1st Dist.] 2005, pet. dism'd).

In his September 9, 2015, federal habeas corpus Petition Shanklin contends that he is entitled to relief because he was denied effective assistance of counsel on direct appeal.[1] Shanklin contends further that he was denied a fair trial when the trial court failed to allow his defense counsel to lodge an objection during closing arguments.[2]

Shanklin discloses that he has filed a previous federal habeas corpus petition to challenge his conviction in cause number 0941654.[3] Court records confirm that the district court dismissed that petition with prejudice on September 21, 2009. See Shanklin v. Quarterman, Civil No. H-08-1111, 2009 WL 3052677 (S.D. Tex.). The Fifth Circuit affirmed that decision in an unpublished opinion. See Shanklin v. Thaler, 422 F. App'x 319, 2011 WL 1438437 (5th Cir. April 14, 2011). Thereafter, the United States Supreme Court denied Shanklin's petition for a writ of certiorari. See Shanklin v. Thaler, 132 S. Ct. 409 (2011).

## II. Discussion

The Petition filed by Shanklin in this case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"),

---

[1]Petition, Docket Entry No. 1, p. 6.

[2]Id.

[3]Id. at 4, 8.

codified as amended at 28 U.S.C. § 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief. Before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). If the pending Petition qualifies as a successive writ, this court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). The claims raised by Shanklin in his pending Petition could have been included in his earlier petition. Thus, the pending Petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. See Rodriquez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending Petition is successive, Shanklin is required to seek authorization

from the Fifth Circuit before this court can consider his application. See 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)). Shanklin has not presented the requisite authorization. Absent such authorization, this court lacks jurisdiction over the Petition. Id. at 775. Accordingly, the Petition must be dismissed as an unauthorized successive writ.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the Petition in this case qualifies as a second or successive application. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Jared Lloyd Shanklin (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of jurisdiction as an unauthorized successive application.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 28th day of September, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE